GREENBERG TRAURIG, LLP
Tyler R. Andrews (SBN 250686)
andrewst@gtlaw.com
18565 Jamboree Road, Suite 500
Irvine, CA  92612-4410
Telephone: (949) 732-6500
Facsimile: (949) 732-6501

Attorneys for Defendant,
CIRCLE K STORES INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. PETTERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC., an Arizona Corporation, and DOES 1-10,<br><br>Defendant. | Case No: **'21 CV0237 H    BGS**<br><br>**NOTICE OF REMOVAL BY DEFENDANT CIRCLE K STORES INC., PURSUANT TO 28 U.S.C. § 1332(d)(2) (CAFA)**<br><br>Complaint filed:  December 4, 2020 |

Defendant CIRCLE K STORES INC. ("Defendant") hereby removes to this Court the action entitled *Pettersen v. Circle K Stores Inc.*, Case Number 37-2020-00044765-CU-BT-CTL, from the Superior Court of the State of California for the County of San Diego.[1] As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453. In support of removal, Defendant states as follows:

## BACKGROUND

1. On December 4, 2020, Plaintiff William D. Pettersen filed a complaint entitled *Pettersen v. Circle K Stores Inc.* in the Superior Court of the State of California for the County of San Diego, Case No. 37-2020-00044765-CU-BT-CTL (hereinafter the "State Court Action"). (**Ex. A** [Compl.].)[2] The State Court Action is a putative class action. Plaintiff alleges throughout the four years prior to the filing of this action, Defendant advertised, and continues to advertise, a discount for two (2) packs of cigarettes, typically ranging from $1.00 to $1.50, and misrepresents or omits to state that Defendant's promotional discounts were not automatically applied to purchases of cigarettes by the carton. (*Id.*, ¶¶ 6, 18.) Plaintiff further alleges that customers purchasing cartons of cigarettes from Circle K stores throughout the past four years had no discounts applied unless specifically requested by the customer. (*Id.*, ¶ 7.)

2. Plaintiff claims that such practices constitutes untrue or misleading advertising under the California False Advertising Law ("CFAL"), California Business & Professions Code §§ 17500, et seq., and unfair competition within the

---

[1] Plaintiff and his counsel consent to, and do not oppose, Defendant's removal of this action. (Declaration of Tyler Andrews ("Andrews Decl."), ¶3.)

[2] In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the Superior Court of the State of California for the County of San Diego, and all pleadings, process, and orders served on, or obtained by, Defendant are attached as **Exhibit A** to the concurrently filed declaration of Tyler Andrews.

meaning of California Business & Professions Code §§ 17200, et seq. (*Id.*, ¶¶ 16-26.) Plaintiff seeks monetary and actual damages and/or restitution. (*Id.*, ¶ 26.)

3. Plaintiff's Complaint seeks to certify the following class, "[a]ll persons who purchased, within the past four years, a carton of cigarettes from CIRCLE K and did not receive an advertised discount while a given discount program was in effect…" (*Id.*, ¶ 9.)

4. Defendant is the only named defendant in the State Court Action. The defendants designated as DOES 1 through 10 are fictitious defendants, are not parties to the action, have not been named or served, and are therefore properly disregarded for removal purposes. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods, Inc.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

5. This Notice of Removal is timely, as less than thirty days have passed since service of the Complaint on Circle K. 28 U.S.C. § 1446(b); *Roth v. CHA Hollywood Center, L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013).

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2).

7. Venue properly lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 84(a) and 1391(a), because the State Court Action was filed in San Diego County.

## INTRADISTRICT ASSIGNMENT

8. Plaintiff filed this case in the Superior Court of the State of California for the County of San Diego. Therefore, this case may properly be removed to the Southern District of California. *See* 28 U.S.C. § 1441(a).

## THIS CASE IS REMOVABLE UNDER CAFA

9. Pursuant to § 4 of CAFA, 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class

of plaintiffs is a citizen of a State different from any defendant.

While certain exceptions exist to original jurisdiction under 28 U.S.C. § 1332(d)(3)-(5), none of them apply here.

10. This Court has jurisdiction over this action pursuant to CAFA, and this case may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains "many thousands of" members (*Id.*, ¶ 10); (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the defendant. 28 U.S.C. §1332(d).

11. As a preliminary matter, Defendant denies that it has any liability to Plaintiff or to the class he seeks to represent, denies that Plaintiff is an adequate class representative for the class that he seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover any of the damages or other relief requested in the Complaint. Defendant also submits that the Complaint's allegations do not satisfy the requirements for class certification. That said, based on the allegations as pled in the Complaint, which must be considered true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

**A.    The Proposed Class Contains Many Thousands of Members.**

12. Plaintiff seeks to represent a class consisting of "many thousands of persons [who] have purchased pertinent cartons of cigarettes from CIRCLE K within the class period and not received the advertised discount over the statutory period." (Ex. A [Compl., ¶¶ 9-10].)

**B.    Defendant Is Not A State, State Official, Or Other Government Entity.**

13. Defendant is not a state, state official, or other governmental entity.

## C. The Amount-In-Controversy Requirement is Satisfied.

14. To satisfy the amount in controversy, Defendant need only establish that Plaintiff's putative class claims exceed the jurisdictional amount by a preponderance of the evidence. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("[T]he proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.").

15. While Circle K denies any liability or damages are owed in this matter, the allegations in the Complaint, on their face, confirm that well over $5 million is potentially placed in controversy.

16. Plaintiff alleges that "CIRCLE K is an international chain of convenience stores, which operates approximately 9,800 stores in North America, together with over 2,500 stores in Europe, and with an additional 2,380 stores operating under franchise agreements worldwide." (Ex. A [Compl., ¶ 2].) Plaintiff further alleges that throughout the past four years, Defendant advertised, and continues to advertise, a discount for two (2) packs of cigarettes, typically ranging from $1.00 to $1.50, and misrepresents or omits to state that Defendant's promotional discounts were not automatically applied to carton purchases. (*Id*., ¶¶ 6, 18.) Plaintiff further alleges Defendant failed to apply the advertised discount to putative class members who present to a cashier a carton of cigarettes, unless the discount is specifically requested. (*Id*., ¶ 7.) "Thus, for example, if a $ 1.50 discount was/is being offered for the purchase of two (2) packs of cigarettes, the purchase of a carton of cigarettes (10 packs) should yield a discount of $7.50 per carton..." (*Id*., ¶ 8.)

17. Although Plaintiff does not specifically identify the total number of cartons purchased by the class, Plaintiff alleges that his own claims are "typical" of the claims of each putative class member. (*Id*., ¶ 12 ("Plaintiff's claims are typical of the claims of the respective Class he seeks to represent…").) Plaintiff alleges that he has purchased several cartons of cigarettes without an advertised discount applied. (*Id*., ¶ 8.) Plaintiff further alleges "many thousands of persons have purchased

pertinent cartons of cigarettes from CIRCLE K within the class period and not received the advertised discount over the statutory period." (*Id.*, ¶ 10.)

18. Even assuming the lower range of Plaintiff's alleged damages of $5.00 per carton (a $1.00 discount for each two packs purchased in a 10-pack carton), only one million total cartons sold throughout all Circle K stores over the past four years would reach the CAFA amount in controversy threshold. This breaks down to approximately 25 cartons sold per year at each Circle K store operating in the United States alone, or approximately one carton sold per store every two weeks. In actuality, Defendant's sales are several times this number, with Circle K's 5,859 corporate-owned stores in the United States averaging 213,500 sales of Marlboro-brand cartons alone every month. This equates to over 36 Marlboro-branded carton sales per month at each of Groupon's United States corporate-owned stores alone, which itself is several times the necessary removal amount under CAFA. *See* Declaration of Jeff Lohnes ("Lohnes Dec.") filed concurrently herewith.

19. Thus, based on the purported class of "[a]ll persons who purchased, within the past four years, a carton of cigarettes from CIRCLE K and did not receive an advertised discount while a given discount program was in effect," of which Plaintiff believes includes "many thousands of persons," the alleged amount in controversy easily exceeds $5 million, satisfying the requirement under CAFA.

C. **The Minimal Diversity Requirement Is Satisfied.**

20. While diversity removal normally requires complete diversity between plaintiffs and defendants, removal of a putative class action under CAFA requires only "minimal diversity" – *i.e.,* that at least one plaintiff be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A).

21. As explained above, the putative class alleged in this case includes "[a]ll persons who purchased, within the past four years, a carton of cigarettes from CIRCLE K and did not receive an advertised discount while a given discount program was in effect…" (Ex. A [Compl., ¶¶ 9].) Upon information and belief,

Plaintiff Pettersen is a citizen of the State of California, as are several thousand of the putative class members Plaintiff seeks to represent.

22. In contrast, Defendant is not a citizen of the State of California. To determine a company's principal place of business, the Court should apply the "nerve center" test. *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010). The question is where "a corporation's officers direct, control and coordinate the corporation's activities." *Id.* In practice, it "normally should be the place where the corporation maintains its headquarters…" *Id.* Here, Defendant is a corporation incorporated under the laws of the State of Texas with its corporate headquarters in the State of Arizona. Defendant is therefore a citizen of Texas and Arizona and is not a citizen of the State of California.

23. Accordingly, all the jurisdictional requirements for CAFA removal are satisfied.

## CONCLUSION

33. For the reasons stated above, removal pursuant to CAFA, 28 U.S.C. § 1332(d)(2), is appropriate.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of Orange.

25. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel.

26. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served on Defendant are being filed with the Court contemporaneously with this Notice of Removal, as **Exhibit A**.

27. By filing this Notice of Removal, Defendant does not waive any jurisdictional objection or other defenses available to it under the law.

28. Defendant does not concede in any way that the allegations in Plaintiff's Complaint are accurate, or that Plaintiff is entitled to compensatory or statutory

damages, attorney fees, or any other relief, or that class treatment is appropriate for this case.

WHEREFORE, Defendant removes this action to this Court from the Superior Court of the State of California for the County of San Diego.

DATED:  February 8, 2021                    Respectfully submitted,

                                               GREENBERG TRAURIG, LLP

                                               /s/ Tyler R. Andrews
                                               Tyler R. Andrews

                                               Attorneys for Defendant
                                               CIRCLE K STORES INC.