1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM D. PETTERSON, on behalf of himself and all others similarly situated,

Plaintiff,

v.

CIRCLE K STORES INC., an Arizona Corporation, and DOES 1-10,

Defendant.

Case No.:  21-cv-00237-H-BGS

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE**

[Doc. No. 5.]

On December 4, 2020, Plaintiff William D. Petterson ("Plaintiff") filed a class action complaint against Defendant Circle K Stores, Inc. ("Defendant") in the California Superior Court for the County of San Diego.  (Doc. No. 1-2.)  On March 2, 2021, Defendant filed a motion to dismiss this case or, in the alternative, to strike Plaintiff's class allegations.  (Doc. No. 5.)  Plaintiff filed a response in opposition to Defendant's motion on April 12, 2021. (Doc. No. 13.)  On April 26, 2021, Defendant filed a reply.  (Doc. No. 14.)  On April 30, 2021, the Court, pursuant to its discretion under Local Rule 7.1(d)(1), submitted Defendant's motion on the parties' papers.  For the following reasons, the Court denies Defendant's motion to dismiss and motion to strike.

### Background[1]

1    During the last several years, Defendant, an international convenience store chain
operating in San Diego, advertised that customers who purchased two packs of certain
cigarettes would receive a discount, generally in the range of $1.00 to $1.50 per purchase.
(Doc. No. 1-2 ¶ 1-2, 6.)  Plaintiff alleges that, in reliance on these advertisements, he
purchased several cartons of cigarettes from Defendant, which comprise of ten individual
packs.  (Id.)  He assumed that the advertised two-pack discount also applied to the purchase
of a carton of cigarettes, which should have yielded him around $5.00 to $7.50 in savings
per carton.  (See id. ¶¶ 6, 8.)

    But Defendant did not apply this discount to carton purchases unless specifically
requested by the customer.  (Id. ¶ 8.)  Upon learning that this discount was not applied to
his purchases, Plaintiff brought the instant putative class action, alleging claims against
Defendant under the California Unfair Competition Law (the "UCL"), California Business
& Professions Code §§ 17200, et seq., and the California False Advertising Law (the
"FAL"), California Business & Professions Code §§ 17500, et seq. (Id. ¶¶ 16-26.)   With
the present motion, Defendant moves the Court to dismiss Plaintiff's complaint or, in the
alternative, to strike the complaint's class allegations.  (Doc. No. 5.)

### Discussion

**I.   Motion to Dismiss**

    **A.   Legal Standards for a Rule 12(b)(6) Motion to Dismiss**

    A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint.
Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint must provide "a short
and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ.
P. 8(a)(2), and "enough facts to state a claim to relief that is plausible on its face," Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[1]    The following allegations are taken from Plaintiff's complaint unless otherwise provided.

the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A court must assume the plaintiff's factual allegations as true and construe all reasonable inferences in favor of the plaintiff. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (citation omitted).

**B.     Judicial Notice**

In its motion to dismiss, Defendant asks the Court to take judicial notice of the following two examples of the advertisements Plaintiff discusses in his complaint:





(Doc. No. 5 at 12-13 & n.2.)  Plaintiff does not oppose this request.  (Doc. No. 13 at 5 n.1.) As a result, the Court grants Defendant's request for judicial notice.[2]

_____

[2]     In its motion to dismiss, Defendant also included a screenshot depicting its online order and pickup website.  (Doc. No. 5 at 14 & n.3.)  The Court need not rule on whether the screenshot may be properly considered on a motion to dismiss because the Court does not rely on the screenshot in this Order.

### C.     Analysis

Defendant argues that the Court should dismiss Plaintiff's complaint for failing to satisfy Rule 9(b)'s heightened pleading requirements and for failing to state a plausible claim for relief.  (Doc. No. 5 at 9-16.)  Plaintiff's complaint alleges two claims against Defendant, one under the UCL and one under the FAL.  The UCL prohibits "unfair competition," or "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  "Because the statute is written in the disjunctive, it is violated where a defendant's acts or practice is (1) unlawful, (2) unfair, (3) fraudulent, or (4) in violation of [the FAL]."  <u>Lozano v. AT&T Wireless Services, Inc.</u>, 504 F.3d 718, 731 (9th Cir. 2007).  The "FAL prohibits any 'unfair, deceptive, untrue or misleading advertising.'"  <u>Moore v. Mars Petcare US, Inc.</u>, 966 F.3d 1007, 1016 (9th Cir. 2020) (quoting <u>Williams v. Gerber Products Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008)).

### 1.     Rule 9(b)

The Court will first assess whether Plaintiff's complaint satisfies Rule 9(b).  Rule 9(b)'s heightened pleading requirements apply to Plaintiff's UCL and FAL claims because both are based on the same purportedly fraudulent conduct: Defendant's allegedly deceptive advertising.  <u>See Moore</u>, 966 F.3d at 1019 (applying Rule 9(b)'s particularity requirements to UCL and FAL claims based on allegations of false and misleading advertising); <u>Peviani v. Nat. Balance, Inc.</u>, 774 F. Supp. 2d 1066, 1071 (S.D. Cal. 2011) (same); <u>Sihler v. Fulfillment Lab, Inc.</u>, 3:20-CV-01528-H-MSB, 2021 WL 1293839, at *4 (S.D. Cal. Apr. 7, 2021) (same).

Rule 9(b) requires that a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "In other words, 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" <u>Moore</u>, 966 F.3d at 1019 (quoting <u>Davidson v. Kimberly–Clark Corp.</u>, 889 F.3d 956, 964 (9th Cir. 2018)).  "Knowledge, however, may be pled generally." <u>U.S. v. United Healthcare Ins.</u>

Co., 848 F.3d 1161, 1180 (9th Cir. 2016) (citation omitted).  At bottom, Rule 9(b) serves to ensure that the allegations are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Id.

Here, Plaintiff alleges his claims with sufficient particularity.  Plaintiff alleges that Defendant, over the last four years, promoted cigarette sales with various advertisements. (Doc No. 1-2 ¶ 6.)  Plaintiff also describes the relevant contents of these advertisements. (Id.)  As he explains, the advertisements stated "that if a customer purchases two (2) packs of cigarettes, a discount will be applied, typically ranging from $1.00 to $1.50."  (Id.) Plaintiff then alleges that, based on these advertisements, he purchased several cartons of cigarettes throughout the last four years.  (Id.)  As Plaintiff explains, Defendant's advertisements misled him because Defendant generally did not apply the discount to purchases of cartons.  (See id. ¶ 7.)  These allegations give Defendant sufficient notice of the misconduct alleged and allows Defendant to adequately defend itself against Plaintiff's claims.  United Healthcare, 848 F.3d at 1180 ("Because [Rule 9(b)] does not require absolute particularity or a recital of the evidence, a complaint need not allege a precise time frame, describe in detail a single specific transaction or identify the precise method used to carry out the fraud." (internal quotation marks and citation omitted)).  Based on Plaintiff's allegations, Defendant located examples of the allegedly false or misleading advertisements and requested the Court take judicial notice of them in conjunction with its responsive motion.  Compare (Doc. No. 5 at 12-13), with United Healthcare, 848 F.3d at 1180 ("[P]erhaps the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) . . . is the determination of how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading." (omission in original) (citation omitted)).  The Court therefore declines to dismiss Plaintiff's complaint pursuant to Rule 9(b).

//

//

1

2.   **Rule 12(b)(6)**

2        The Court then turns to whether Plaintiff's complaint should be dismissed under

3   Rule 12(b)(6) for failing to state a plausible claim.  The Court will first assess whether

4   Plaintiff adequately stated an FAL claim because if Plaintiff states a claim under the FAL,

5   he also states a claim under the UCL.  <u>Kasky v. Nike, Inc.</u>, 45 P.3d 243, 250-51 (Cal. 2002),

6   <u>as modified</u> (May 22, 2002).  The FAL prohibits false advertising and advertising that is

7   "actually misleading or which has a capacity, likelihood or tendency to deceive or confuse

8   the public."  <u>Id.</u> at 250 (quoting <u>Leoni v. State Bar</u>, 704 P.2d 183, 194 (Cal. 1985)).  The

9   reasonable consumer test governs whether a defendant's conduct is deceptive or

10  misleading.  <u>Moore</u>, 966 F.3d at 1017 (quoting <u>Williams</u>, 552 F.3d at 938).  It asks whether

11  the defendant's conduct is "likely to deceive an ordinary consumer."  <u>Silher</u>, 2021 WL

12  1293839, at *4 (quoting <u>Peviani</u>, 774 F. Supp. 2d at 1070).  Generally, the reasonable

13  consumer inquiry is a question of fact that may not be resolved on a motion to dismiss.

14  <u>Moore</u>, 966 F.3d at 1017.

15       Nevertheless, Defendant contends that Plaintiff fails to state a claim under the FAL

16  because it is implausible that reasonable consumers would have been deceived by its

17  advertisements.  (Doc. No. 5 at 12-15.)[3]  Specifically, Defendant first argues that no

18  reasonable consumer would believe that the two-pack discount would apply to cartons

19  based on the advertisement itself.  (<u>Id.</u> at 12-14.)  Second, Defendant claims that the

20  reasonable consumer would understand that its two-pack discount would not apply to

21

22  _____

23  [3]       In its motion, Defendant asserts that Plaintiff "cannot establish reasonable reliance."  (Doc. No 5
    at 13-14.)  Defendant does so in the context of its argument that no reasonable consumer would be

24  deceived by its advertisements.  (<u>See id.</u>)  But Plaintiff alleges that he purchased cartons of cigarettes from
    Plaintiff "based upon" the advertisements.  (Doc. No. 1-2 ¶ 6.)  This is sufficient at this point in the

25  litigation.  <u>See Moore</u>, 966 F.3d at 1020 (holding plaintiff must only allege that alleged fraudulent
    misrepresentation was the "immediate cause" of his or her injurious conduct).  Further, reliance may be

26  inferred if the plaintiff establishes that it is plausible that "reasonable man would attach importance to
    [the] existence or nonexistence [of the misrepresentation] in determining his choice of action in the

27  transaction in question."  <u>Id.</u> (alterations in original) (quoting <u>Friedman v. AARP, Inc.</u>, 855 F.3d 1047 (9th
    Cir. 2017)).  Here, the alleged misrepresentations go to the price of Defendant's product, to which

28  reasonable buyers would plausibly attach importance.

cartons because bulk offerings generally are already discounted.  (Id. at 13.)   Third, Defendant maintains that the reasonable consumer would not be deceived by Defendant's advertisements because they would have looked at the receipt, noticed the discount was not applied, and either requested the discount or a new transaction.  (Id. at 14-15.)

These arguments are better suited for a motion for summary judgment when the record is more fully developed.  The Court notes that FAL claims may be dismissed in rare cases where "the advertisement itself [makes] it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." Macaspac v. Henkel Corp., 3:17-CV-01755-H-BLM, 2018 WL 2539595, at *4 (S.D. Cal. June 4, 2018) (alteration in original) (quoting Williams, 552 F.3d at 939).  The cases cited by Defendant illustrate this principle. See, e.g., Dumas v. Diageo PLC, 15CV1681 BTM(BLM), 2016 WL 1367511, at *5-6 (S.D. Cal. Apr. 6, 2016) (dismissing claim because no reasonable consumer would think Red Stripe Beer was brewed in Jamaica when the packaging clearly stated that the beer was "Brewed & Bottled by Red Stripe Beer Company Latrobe, PA").  But in this case, Defendant's advertisements do not expressly exclude discounts on purchases of cartons. (Doc. No. 5 at 12-13.)  In fact, one of the advertisements that Defendant submitted does not even say that it applies to packs.  (Id.)  It simply states that the consumer will get a discount if he or she "buy[s] two."  (Id.)  Thus, this is not one of the "rare situation[s]" when the advertisement itself is dispositive.  See Williams, 552 F.3d at 939.

Defendant's argument that reasonable consumers would know that bulk offerings generally involve built-in discounts is also not dispositive on a motion to dismiss.  At this point in the litigation, the Court must construe all reasonable inferences in favor of Plaintiff.  Cahill, 80 F.3d at 337-38.  Reasonable consumers could plausibly think that the advertised discount would be stacked upon the bulk discount.  Moreover, Defendant's argument that a consumer's receipt would reveal no discount was applied is likewise unavailing.  It is plausible that a consumer would "nonetheless buy[] at the inflated price, despite his or her better judgment," even after viewing the receipt, because he or she is "now invested in the decision to buy and swept up in the momentum of the events." Veera

1    v. Banana Republic, LLC, 211 Cal. Rptr. 3d 769, 780 (Ct. App. 2016).  For these reasons,

2    Defendant fails to sustain its burden to demonstrate that Plaintiff's FAL claim was

3    insufficiently pled.  See Glanville v. McDonnell Douglas Corp., 845 F.2d 1029 (9th Cir.

4    1988) ("The burden of demonstrating that no claim has been stated is upon the movant.").

5    Consequently, Defendant also fails to show why Plaintiff's UCL claim should be

6    dismissed.  See Kasky, 45 P.3d at 250 ("[A]ny violation of the [FAL] . . . necessarily

7    violates the UCL." (omission in original) (internal quotation marks and citation omitted)).

8    The Court therefore denies Defendant's motion to dismiss in its entirety.

9    **II.    Motion to Strike**

10           In the alternative, Defendant moves to strike Plaintiff's class allegations from the

11   complaint.  (Doc. No. 5 at 16-20.)  As Defendant reasons, "Plaintiff's proposed class is

12   incapable of being ascertained, is overbroad and unmanageable, and necessarily involves

13   numerous factual determinations that defeat both commonality and typicality."  (Doc. No.

14   5 at 16.)  Plaintiff conversely argues that it sufficiently pled its class allegations and that

15   Defendant's motion is premature.  (Doc. No. 13 at 14-18.)

16           Rule 12(f) allows courts to strike from a pleading "any insufficient defense or any

17   redundant, immaterial, or impertinent and scandalous matter."  While "[c]lass allegations

18   may be stricken at the pleading stage," Lyons v. Coxcom, Inc., 718 F. Supp. 2d 1232, 1235

19   (S.D. Cal. 2009), "the class determination generally involves considerations that are

20   enmeshed in the factual and legal issues comprising the plaintiff's cause of action," Gen.

21   Tel. Co. of S.W. v. Falcon, 457 U.S. 147, 160 (1982) (citations and internal quotation

22   marks omitted).  As such, courts disfavor pre-discovery motions to strike as premature.

23   Sihler, 2020 WL 7226436, at *9 (citing cases).  Moreover, "[c]ourts that have permitted

24   such motions 'have held that a motion to strike class claims based only on the pleadings is

25   proper only if the court is convinced that any questions of law are clear and not in dispute,

26   and that under no set of circumstances could the claim or defense succeed.'"  Id. (quoting

27   Mason v. Ashbritt, Inc., No. 18-CV-07181-DMR, 2020 WL 789570, at *8 (N.D. Cal. Feb.

28   17, 2020)).

Here, the Court denies Defendant's motion to strike.  The motion is primarily predicated on factual arguments that seek to undermine the probability that Plaintiff will eventually be able to meet class certification requirements.  (<u>See</u> Doc. No. 5 at 16-20.) Moreover, Defendant predominantly "relies on cases addressing whether a class should be certified, not whether class action allegations in a complaint should be stricken." <u>Clark v. State Farm Mut. Auto. Ins. Co.</u>, 231 F.R.D. 405, 407 (C.D. Cal. 2005).

Defendant also argues that some of Plaintiff's class allegations should be stricken as conclusory.  (<u>See, e.g.</u>, Doc. No. 5 at 17-18.)  This argument is not persuasive because, "[u]nless and until a court has determined that a class cannot be certified, even conclusory class allegations will survive a motion to strike." <u>Smyth v. China Agritech, Inc.</u>, CV-13-03008-RGK-PJWX, 2013 WL 12136605, at *3 (C.D. Cal. Sept. 26, 2013) (citation omitted).  In summary, Defendant's arguments are better raised in an opposition to class certification, rather than in a motion to strike at the pleading stage.  As a result, the Court denies Defendant's motion to strike.

## Conclusion

For the foregoing reasons, the Court denies Defendant's motion to dismiss and alternative motion to strike. The Court orders Defendant to file an answer to the complaint within 30 days from the date this Order is filed.

**IT IS SO ORDERED.**

DATED: May 4, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT