GREENBERG TRAURIG, LLP
Tyler R. Andrews (SBN 250686)
andrewst@gtlaw.com
8565 Jamboree Road, Suite 500
Irvine, CA  92612-4410
Telephone: (949) 732-6500
Facsimile: (949) 732-6501

Attorneys for Defendant,
CIRCLE K STORES INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. PETTERSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC., a Texas Corporation, and DOES 1-10,<br><br>Defendant. | CASE NO. 3:21-cv-237-H-BGS<br><br>[Assigned to Hon. Marilyn L. Huff and Magistrate Judge Bernard G. Skomal]<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Notice of Removal Filed:  February 8, 2021<br>State Court Complaint Filed:  Dec. 4, 2020 |

Defendant Circle K Stores Inc. ("Defendant" or "Circle K"), by and through undersigned counsel, and in response to each of the numbered paragraphs of Plaintiff William D. Pettersen's ("Plaintiff") Class Action Complaint, hereby admits, denies, and alleges as follows:

## GENERAL DENIAL

Except as otherwise expressly stated herein, Circle K denies each and every allegation in the Class Action Complaint, including, without limitation, any allegations contained in the headings or subheadings.  Circle K reserves the right to seek to amend

and/or supplement its Answer as may be necessary and appropriate.

## ANSWER

### INTRODUCTION

1. Circle K admits that Plaintiff purports to bring this Class Action Complaint on behalf of himself and all others similarly situated. Circle K denies that the putative class could ever be certified in this action. Circle K denies any and all remaining allegations in Paragraph 1 of the Class Action Complaint.

2. Circle K admits the allegations contained in Paragraph 2 of the Class Action Complaint.

3. Circle K lacks knowledge or information sufficient to form a belief relating to the allegations contained in Paragraph 3 of the Class Action Complaint and therefore denies the allegations related thereto.

4. Circle K lacks knowledge or information sufficient to form a belief relating to the allegations contained in Paragraph 4 of the Class Action Complaint and therefore denies the allegations related thereto.

5. Circle K admits the allegations in Paragraph 5 of the Class Action Complaint.

6. Circle K admits only that it has advertised, and continues to advertise, discounts applied to "two packs" of cigarettes. Circle K denies any and all remaining allegations contained in Paragraph 6 of the Class Action Complaint.

7. Circle K admits only that its specific "two pack" discount did not automatically apply to purchases of "cartons," which are separately coded bulk purchase items that already apply a per-pack discount. Circle K denies any and all remaining allegations contained in Paragraph 7 of the Class Action Complaint.

8. Circle K admits only that its specific "two pack" discount did not automatically apply to purchases of "cartons," which are separately coded bulk purchase items that already apply a per-pack discount. Circle K denies any and all remaining allegations contained in Paragraph 8 of the Class Action Complaint.

9. Circle K admits that Plaintiff purports to bring this Class Action Complaint on behalf of himself and all others similarly situated. Plaintiff denies that the putative class could ever be certified in this action. Circle K denies any and all remaining allegations contained in Paragraph 9 of the Class Action Complaint.

10. Circle K denies the allegations contained in Paragraph 10 of the Class Action Complaint.

11. Circle K denies the allegations contained in Paragraph 11 of the Class Action Complaint, including subparagraphs (a) through (f).

12. Circle K denies the allegations contained in Paragraph 12 of the Class Action Complaint.

13. Circle K denies the allegations contained in Paragraph 13 of the Class Action Complaint.

14. Circle K denies the allegations contained in Paragraph 14 of the Class Action Complaint.

15. Circle K denies that the putative class could ever be certified in this action. Circle K further denies the allegations contained in Paragraph 15 of the Class Action Complaint.

**FIRST CAUSE OF ACTION**
**(Violation of California False Advertising Law,**
**Cal. Bus. & Prof. Code §§ 17500, et seq., against defendants)**

16. Circle K adopts and reasserts each and every allegation contained above, as though fully set forth herein.

17. Circle K denies the allegations contained in Paragraph 17 of the Class Action Complaint.

18. Circle K denies the allegations contained in Paragraph 18 of the Class Action Complaint.

///

19. Circle K denies the allegations contained in Paragraph 19 of the Class Action Complaint.

20. Circle K denies the allegations contained in Paragraph 20 of the Class Action Complaint.

## SECOND CAUSE OF ACTION
**(Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., against all defendants)**

21. Circle K adopts and reasserts each and every allegation contained above, as though fully set forth herein.

22. Circle K denies the allegations contained in Paragraph 22 of the Class Action Complaint.

23. Circle K denies the allegations contained in Paragraph 23 of the Class Action Complaint.

24. Circle K denies the allegations contained in Paragraph 24 of the Class Action Complaint.

25. Circle K denies the allegations contained in Paragraph 25 of the Class Action Complaint.

26. Circle K denies the allegations contained in Paragraph 26 of the Class Action Complaint.

## PRAYER FOR RELIEF

Regarding Plaintiff's Prayer for Relief, including subparagraphs A through D, Circle K denies that any grounds exist to certify a class or for entering judgment against Circle K, or for monetary damages and/or restitution, attorneys' fees or costs, or any other relief against Circle K and for Plaintiff.

///

///

///

# AFFIRMATIVE DEFENSES

Circle K hereby pleads their Affirmative Defenses to the Class Action Complaint without assuming the burden of proof when the law places the burden upon Plaintiff, and without prejudice to its Answer, as follows:

1.  Plaintiff's Class Action Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

2.  Plaintiff's and the putative class's claims are barred in whole or in part by the applicable statute of limitations.

3.  Plaintiff's and the putative class's claims are barred in whole or in part by the doctrine of laches.

4.  Plaintiff's and the putative class's claims are barred in whole or in part by the doctrines of waiver or estoppel as consumers who were aware that the discount did not apply to cartons and continued to purchase cartons of cigarettes have waived their claims premised on alleged misrepresentations and are estopped from asserting such claims.

5.  Plaintiff's and the putative class's claims are barred in whole or in part because Plaintiff and the putative class lack Article III standing.

6.  Plaintiff's claim for damages, to the extent there are any damages, are precluded as a matter of law under California's UCL and FAL.

7.  Plaintiff's claim for damages, to the extent there are any damages, are barred by the economic loss rule.

8.  Plaintiff's and the putative class's claims for restitution are barred because they fail to allege the lack of adequate remedy at law.

///
///
///
///
///

9. Circle K reserves the right to assert additional affirmative defenses based on information learned during discovery.

DATED: June 3, 2021				Respectfully Submitted,

**GREENBERG TAURIG, LLP**

By: */s/Tyler R. Andrews*
	Tyler R. Andrews
	Attorneys for Defendant,
	CIRCLE K STORES INC.