UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William D. PETTERSEN,<br><br>                              Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC.,<br>and DOES 1–10,<br><br>                              Defendant. | Case No.: 21-cv-00237-H-BGS<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

Pursuant to Civil Local Rule 16.1(d), a case management conference was held on **August 18, 2021**. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **the Court orders:**

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **September 17, 2021**.

2. Any motion for class certification must be filed by **January 18, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

3. Fact and class discovery are not bifurcated. If expert discovery in connection with the motion for class certification is required, the parties shall be able to exchange such information amongst themselves. Should a discovery dispute arise concerning experts prior to the filing of the class certification motion, the parties shall comply with the procedures outlined in Judge Skomal's Chambers' Rules. All parties must complete all fact discovery by **February 18, 2022**. "Complete" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated sufficiently in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a)**. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the assigned magistrate judge's Chambers Rules to timely raise the dispute. **Failure to comply may result in a waiver of a party's discovery issue. Absent an order of the Court, the Court will not recognize stipulations continuing or altering this requirement**. Discovery limits in the Federal Rules of Civil Procedure and Civil Local Rules, including Federal Rule of Civil Procedure 33(a)(1) and Civil Local Rules 33.1.a and 36.1.a shall apply. Absent leave of Court to exceed these limits, the Court will not consider any discovery dispute arising from discovery requests in excess of these limits.

4. A **telephonic, attorneys' only Status Conference** will be conducted by Magistrate Judge Bernard G. Skomal on **March 18, 2022** at **10:00 a.m.**

5. The parties must designate their respective experts in writing by **March 18, 2022**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **April 1, 2022**. Written designations must include the name, address and telephone number of

the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

6. By **May 2, 2022**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures will not be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial, absent substantial justification. Additionally, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).

7. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **May 16, 2022**.

8. All parties must complete all expert discovery by **June 16, 2022**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

9. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including prohibition on the introduction of experts or other designated matters in evidence.

10. All other pretrial motions must be filed by **July 15, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed by the Court.

11. A Mandatory Settlement Conference shall be conducted on **September 7, 2022** at **2:00 PM** in the chambers of Magistrate Judge **Bernard G. Skomal**. All parties, adjusters for insured defendants, and client representatives must be present and have full

and complete authority to enter into a binding settlement at the MSC.[1] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

12. Counsel shall lodge confidential settlement briefs directly with chambers by **August 24, 2022**. The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. Briefs do not need to be filed or served on opposing counsel. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

13. Counsel must file their memoranda of contentions of fact and law and take any other action required by Civil Local Rule 16.1(f)(2) by **September 19, 2022**.

14. Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **September 19, 2022**. Failure to comply with these disclosure requirements may result in evidence preclusion or other sanctions under Federal

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

Rule of Civil Procedure 37.

15. Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **September 26, 2022**. At this meeting, counsel must discuss and attempt to enter into stipulations and agreements simplifying the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel must note any objections they have to any other parties' pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel must cooperate in the preparation of the proposed pretrial conference order.

16. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **October 3, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order. Both parties must promptly attempt to resolve their differences, if any, concerning the order.

17. The proposed final pretrial conference order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures must be prepared, served, and lodged with the assigned district judge by **October 11, 2022** in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6).

18. The final pretrial conference is scheduled on the calendar of the Honorable Marilyn L. Huff on **October 17, 2022** at **10:30 AM**.

19. The parties must comply with case management orders set by the Court.

20. The Court will not modify the dates and times set forth in this order except for good cause shown.

21. Pursuant to Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. Reply memorandum must not exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length

must have a table of contents and a table of authorities cited.

22. Plaintiff's counsel must serve a copy of this order on all parties that later enter this case.

**IT IS SO ORDERED**.

Dated: August 23, 2021

_____
Hon. Bernard G. Skomal
United States Magistrate Judge