# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. PETTERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIRCLE K STORES, INC., an Arizona Corporation, and DOES 1-10,<br><br>Defendant. | Case No.: 3:21-cv-00237-RBM-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL**<br><br>[Doc. 82] |

Currently pending before the Court is a motion to seal filed by Plaintiff William D. Pettersen ("Plaintiff"). (Doc. 82 ("Mot.").) For the reasons discussed below, Plaintiff's motion to seal is **DENIED WITHOUT PREJUDICE**.

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II.   DISCUSSION

Plaintiff seeks to seal certain documents in connection with Plaintiff's opposition to the motion for summary judgment filed by Defendant Circle K Stores, Inc. ("Defendant"), including: (1) Exhibits 19, 20 and 32 to the Declaration of L. Timothy Fisher; and (2) portions of the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Mot. at 2.) Plaintiff states these documents were marked confidential by Defendant pursuant to the parties' stipulated protective order and were designated confidential because they refer to Defendant's

internal business practices. (*Id.*)

At the outset, the Court notes that one party's designation of a document as "Confidential" does not, standing alone, demonstrate that the documents should be shielded from public access. *See*, *e.g.*, *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion."); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 6395595, at *1 (S.D. Cal. Nov. 2, 2020) ("That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings."); *In re Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB MDD, 2014 WL 1912731, at *2 (S.D. Cal. May 13, 2014) ("Though the Parties themselves may have stipulated to the confidential nature of this information, the 'compelling reasons' standard is invoked even if the motion, or its attachments, were previously filed under seal or protective order.") (citing *Kamakana*, 447 F.3d at 1179).

Additionally, in accordance with Section IV of this Court's Civil Chamber Rules, any motion to seal predicated solely on the opposing party's designation of the document as sensitive under a protective order, including with a "confidential" or "attorneys' eyes only" designation, must be accompanied by a response from the designating party within seven days of the motion filing date, demonstrating that the sealing standard has been satisfied for the document or information at issue. *See* Civil Chamber Rules § IV(B). To date, Defendant has failed to file any response to Plaintiff's motion to seal. (*See generally* Docket.) However, in light of the potentially commercially sensitive information at issue, the Court will grant Defendant until **March 29, 2023** to file a response, if any, to Plaintiff's sealing motion.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's motion to seal (Doc. 82), is **DENIED WITHOUT PREJUDICE**. Defendant may file a response to Plaintiff's motion to seal, in accordance with Section IV of this Court's Civil Chamber Rules, on or before **March 29, 2023**. Such response should make clear if Defendant seeks to seal each document in part

or in full.  In the event Defendant files such a response, Plaintiff need not refile its motion to seal.  **Defendant's March 29, 2023 deadline to file a response remains in effect notwithstanding the Court's March 1 Order staying this case and vacating all pending dates.**

    **IT IS SO ORDERED.**

DATE:  March 1, 2023

                              *Ruth Bermudez Montenegro*
                         HON. RUTH BERMUDEZ MONTENEGRO
                         UNITED STATES DISTRICT JUDGE